# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CHANEY TRUCKING &** | : | **DOCKET NO. 2:16-cv-782** |
| **DEVELOPMENT, INC.** | | |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **ASSET GROUP, INC., ET AL** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion to Transfer Venue [doc. 8] filed by defendant ASSET Group, Inc. ("ASSET"). The plaintiff, Chaney Trucking & Development, Inc. ("Chaney") opposes the motion. Doc. 12. For the reasons stated below, the motion is **GRANTED.**

## I.
### BACKGROUND

On June 7, 2016, Chaney sued defendants ASSET and Great American Insurance Group. Doc. 1. The complaint was filed under the Miller Act,[1] 40 U.S.C. § 3131 *et seq.*, and state law relating to breach of contract and attorney's fees. *Id.* The claims arose from Chaney and ASSET's sub-contractor/contractor relationship on a building project at Fort Polk, Louisiana. *Id.* Chaney alleged proper venue with this court as the subject subcontract was executed and in part performed within this district. *Id.* at 2.

ASSET now moves for a transfer of venue pursuant to 28 U.S.C. § 1404(a) and the forum selection clause of the subcontract agreement. Doc. 8. That clause reads:

> **Article 19. Governing Law –** Except as provided in the General Contract as incorporated herein, this Subcontract shall be interpreted and governed

---
[1] The Miller Act requires that contractors on some government projects post bonds guaranteeing performance of their contractual duties and payment of subcontractors and suppliers. 40 U.S.C. § 3131(b).

-1-

substantively and procedurally, including periods for limitations of actions, by the law of the state of Oklahoma and the situs of any suit which may be brought by or against Contractor or its surety shall be the County of Oklahoma, State of Oklahoma.

Doc. 1, att. 2, p. 10.[2] Accordingly, ASSET seeks to have venue transferred to the United States District Court for the Western District of Oklahoma. It also requests that all costs and fees incurred by this motion be assessed to Chaney.

## II.
## LAW & ANALYSIS

### A. Motion to Transfer

A motion to transfer venue based on a forum selection clause is analyzed under 28 U.S.C. § 1404. *In re Rolls Royce Corp.*, 775 F.3d 671, 677 (5th Cir. 2014). Section 1404 provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any other district or division to which all parties have consented." Where there is a binding forum selection clause, however, private interest factors must be counted towards the preselected forum and the court should only consider whether public interest factors weigh against the transfer. *Rolls Royce Corp.*, 775 F.3d at 678 (citing *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 134 S.Ct. 568, 582 (2013)). "Because [public interest] factors will rarely defeat a transfer motion, the practical result is that the forum-selection clauses should control except in unusual cases." *Atlantic Marine*, 134 S.Ct. at 582. "[T]he party acting in violation of the

---

[2] Based on the forum selection clause, Chaney filed a motion to compel seeking production of the general contract. Doc. 16. This court granted the motion without prejudice to ASSET's right to contest venue, and set deadlines for Chaney to supplement its opposition. Doc. 23. We also ordered ASSET to file any reply within the usual delay. *Id.* The parties have complied, submitting supplemental briefs. Docs. 25, 26. There Chaney concedes that the general contract "does not seem to contain any applicable forum selection provisions." Doc. 25, p. 1.

forum-selection clause . . . must bear the burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Id.* at 583.

Here ASSET contends that Article 19 is a mandatory forum selection clause that is binding on Chaney in this suit. Chaney argues that the forum selection clause is invalid under Louisiana law and thus not entitled to the deference accorded to valid forum selection clauses under *Atlantic Marine*.

Under controlling federal jurisprudence, forum selection clauses are presumed to be enforceable.[3] *Barnett v. DynCorp Int'l, LLC*, 831 F.3d 296, 301 (5th Cir. 2016) (citing *Haynsworth v. Lloyd's of London*, 121 F.3d 956, 962 (5th Cir. 1997)). However, this presumption may be overcome if the party attacking the clause can show that it is "unreasonable under the circumstances" because of any of four factors, including when "enforcement of the forum selection clause would contravene a strong public policy of the forum state." *Id.* (citing *Haynsworth*, 121 F.3d at 963) (citations and internal quotations omitted). The remaining *Haynsworth* factors, which are not explicitly argued here but will still be considered to the extent that Chaney's allegations raise them, include "where (1) the incorporation of the forum selection clause . . . was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; [or] (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy . . . ." *Haynsworth*, 121 F.3d at 963 (quotations and citations omitted). "The party resisting enforcement on these grounds bears a 'heavy burden of proof.'" *Id.* (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 92 S.Ct. 1907, 1918 (1972)).

---

[3] It is an unsettled question whether forum selection clause enforceability and validity are the same issue. *Barnett v. DynCorp Int'l, LLC*, 831 F.3d 296, 301–02 (5th Cir. 2016). However, the test is the same for either concept under federal law. *Id.* at 303–04 (citing *Haynsworth*, 121 F.3d at 963).

Here, as Chaney notes, the forum state has clearly indicated that forum selection clauses like the one at issue here contravene public policy. The Louisiana legislature found that

> with respect to construction contracts, subcontracts, and purchase orders for public and private works projects, when one of the parties is domiciled in Louisiana, and the work to be done and the equipment and materials to be supplied involve construction projects in this state, provisions in such agreements requiring disputes arising thereunder to be resolved in a forum outside of this state or requiring their interpretation to be governed by the laws of another jurisdiction are inequitable and against the public policy of this state.

LA. REV. STAT. § 9:2779(A). Therefore it declared "null and void and unenforceable as against public policy" any contractual provision matching the excerpted description.[4] *Id.* at § 9:2779(B).

ASSET does not contest that the clause at issue here fits within the statute's description; instead, it maintains that the statute has no effect under federal law. We do not adopt the Louisiana legislature's declaration of nullity. We see no reason why it should supersede settled law in this circuit for determining validity/enforceability of forum selection clauses. However, we do take notice of its expression of the state's public interests and evaluate these to see if they are sufficient to invalidate the forum selection clause under *Haynsworth* or, in the event the clause is valid, to determine whether they are sufficient to overcome the deference the clause is due under *Atlantic Marine*.

Chaney first points to general concerns behind Section 2779 of Title 9 regarding local adjudication of local construction work performed by local businesses. We note, however, that the public policy/public interest concern relating to application of other states' laws has less

---

[4] Chaney also contends that the forum selection clause violates "federal public policy as expressed by the Miller Act." Doc. 12, p. 1. To this extent, it relies on an unpublished case from 1997 in which the Eastern District of Louisiana held that a forum selection clause was nullified by Section 9:2779 and also violated a federal public interest reflected in the Miller Act's venue provisions. *Mayeux's AC & Heating, Inc.*, 1997 WL 567955, *3–*4 (E.D. La. Sep. 10, 1997). The Fifth Circuit has long held that the Miller Act's venue provision can be varied by contract. *In re Fireman's Fund Ins. Cos.*, 588 F.2d 93, 95 (5th Cir. 1979). Additionally, *Atlantic Marine* serves as recognition of a competing federal interest in upholding valid forum selection clauses. Accordingly, *Mayeux's* has little persuasive value in this case.

application to this matter as it arises under the Miller Act and will thus be governed by federal law. *F.D. Rich Co, Inc. v. United States ex rel. Use of Indus. Lumber Co., Inc.*, 94 S.Ct. 2157, 2164 (1974). State law may govern the breach of contract claim and claim for attorney's fees. However, Chaney does not show that adequate remedies are unavailable under Oklahoma law and this interest is still insufficient to invalidate the forum selection clause based on public policy or other *Haynsworth* factors. *See, e.g.*, *Hartash Const., Inc. v. Drury Inns, Inc.*, 2000 WL 1140498, *2–*3 (E.D. La. Aug. 11, 2000) (citations omitted) (noting that the inconvenience of litigating in one state over another was merely a matter of shifting burdens between parties and that this concern typically only invalidated forum selection clauses involving remote alien forums).

Chaney also asserts that the parties were of unequal bargaining power based on its representation that it is "a small, Louisiana dirt contractor" that is "unsophisticated" compared to ASSET,[5] and that there are no issues concerning the completion or quality of Chaney's work under the subcontract.[6] Doc. 25, p. 3. However, even construed as matters of public concern, these allegations are insufficient to overcome the strong policy interest emphasized in *Haynsworth* and *Atlantic Marine* of holding parties to what they bargained for. Thus Chaney does not establish that this is one of the rare cases where the clause is invalidated under *Haynsworth* or where public interests trump the contractual provision under *Atlantic Marine*. Accordingly, the forum selection clause must be honored.

---

[5] This argument would also fit under another *Haynsworth* factor, *supra*, where "the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching . . . ." 121 F.3d at 963. Overreach is defined as "[resulting] from an inequality of bargaining power or other circumstances in which there is an absence of meaningful choice on the part of one of the parties." *Id.* at 965 n. 17 (quoting BLACK'S LAW DICTIONARY 1104 (6th ed. 1990)). Here, however, Chaney's self-serving, unsubstantiated, and conclusory allegations on its own lack of bargaining power are insufficient to meet its burden in invalidating the clause.

[6] ASSET disputes this point but does not offer proof, stating that "[t]here will be a place and time for these positions to be asserted, but it is premature to do so at this time." Doc. 26, p. 5.

## B. *Request for Costs and Fees*

In support of its requests for costs and fees, ASSET alleges that Chaney has violated the subcontract agreement by filing suit in this court. Article 13 of that agreement, entitled "Liability for Injuries and Damages," provides:

> Subcontractor shall indemnify, defend, save and hold harmless Contractor from and against any and all claims, demands, debts, damages (including consequential, direct and liquidated), judgments, awards, losses, liabilities, interest, attorney's fees, costs and expenses of whatever kind or nature at any time (i) arising out of any failure of Subcontractor to perform any of the terms and conditions of this Subcontract . . . .

Doc. 1, att. 2, p. 8. However, as Chaney points out, it is plain from the context of the article that it relates to injuries and damages claimed by third parties as a result of the subcontractor's performance. *See id.* at 8–9. Accordingly, ASSET does not show that it is entitled to costs and fees under the subcontract agreement or any other authority and the request is denied.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Transfer Venue [doc. 8] is **GRANTED** with each party to bear its own costs and fees in this matter.

THUS DONE this 8th day of November, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE